450 P.2d 696

**The STATE of Arizona, Appellee,**

v.

**Leevend Thorkes HILL, Appellant.**

**No. 1880.**

Supreme Court of Arizona.

In Division.

Feb. 13, 1969.

Gary K. Nelson, Atty. Gen., Darrell F. Smith, Former Atty. Gen., Carl Waag, Asst. Atty. Gen., Wm. J. Schafer, III, Pima County Atty., Tucson, for appellee.

William Messing, Tucson, for appellant.

UDALL, Chief Justice:

Defendant, Leevend Thorkes Hill, was convicted of rape, lewd and lascivious acts, and burglary, and sentenced to serve concurrent sentences in the state prison—maximum 25 years. He appeals from those convictions.

At approximately 3:30 A.M., on the morning of June 29, 1967, the complaining witness was awakened in her home by the defendant, who was straddling her and holding a pair of scissors to her throat. The woman was advised to be quiet or be killed. The defendant then disrobed completely, removed the victim's half slip, and put a pillow over her face. During the next one and a half hours the defendant compelled the victim to engage in acts of cunnilingus, fellatio and four separate acts of sexual intercourse. Upon conclusion of his ravishment defendant fell asleep in his victim's bed. The woman ran to her neighbor's house and called the police. Defendant was subsequently arrested at the victim's home.

Defendant contends that his appointed counsel was so inadequate and so ineffec-

tive as to be tantamount to a denial of the right to counsel; that the court erroneously admitted evidence of a prior crime; and that the court erred in allowing five counts —two of rape, two of lewd and lascivious acts, one of burglary—to go to the jury.

◼ Defendant points out several items which he claims are patent errors of defense counsel. For the most part the assertions are general and without supporting authorities or page references to the transcript. However, we have searched the record and conclude that defendant was afforded "reasonably effective counsel." See MacKenna v. Ellis, 280 F.2d 592, aff'd, 289 F.2d 928 (5th Cir.), cert. denied, 368 U.S. 877, 82 S.Ct. 121, 7 L.Ed.2d 78 (1961). Relief may be justified on the ground of ineffective counsel only where an extreme case is disclosed, and representation by counsel was a farce or a sham. State v. Kruchten, 101 Ariz. 186, 417 P.2d 510 (1966); Maye v. Pescor, 162 F.2d 641, 643 (8th Cir.1947); People v. Ibarra, 60 Cal.2d 460, 34 Cal.Rptr. 863, 386 P.2d 487 (1963); State v. Lopez, 3 Ariz.App. 200, 412 P.2d 882 (1966). We do not have an extreme case here.

Defendant next argues that it was error for the court to admit certain evidence of a prior crime. The facts of the prior crime bear a remarkable similarity to the facts in the instant case. Defendant, in the prior incident, broke into the home of a woman, threatened her life with a sharp object, pulled a blanket over her face and then committed rape and lewd and lascivious acts upon her. When finished defendant fell asleep in his victim's bed. We upheld the admission of similar evidence in the case of State v. Finley, 85 Ariz. 327, 338 P.2d 790 (1959). See also, People v. Whitehorn, 60 Cal.2d 256, 32 Cal.Rptr. 199, 383 P.2d 783 (1963). In Finley we ruled that the evidence of the prior rape was admissible because it showed a common plan or scheme.

◼ Although the admission of the evidence of the prior rape in the present case is justified under the authority of Finley, there remains another important consideration. An essential element in the state's case was a showing of non-consent on the part of the victim. Defendant testified that he was picked up by the victim and invited to have sexual intercourse with her in return for payment of $20.00. He further testified that she claimed she had been raped because he refused to pay for her services. Corroborating his testimony is the fact that rather than taking flight he fell asleep after the completion of the act. The inference to be logically drawn is that defendant was not in fear of being arrested for his actions on that particular occasion because he had done nothing unlawful. Coupled with the sleep factor is the victim's own testimony that she had had two of her three children out of wedlock, had previously engaged in extra-marital sexual relations with at least two other men, and at the time of the rape, although unmarried, was wearing an inter-uterine birth control device. Needless to say, the evidence of the prior rape, where defendant fell asleep in his victim's bed, was extremely relevant and indeed vital proof of the fact that a forcible rape had been committed in the instant case. For that reason we can sanction the admission of the evidence. We consider the following language to be pertinent to that point:

"* * * The general rule is that evidence is inadmissible which tends to prove that the accused committed a crime other than the one charged in the indictment. But this rule is subject to certain well-established exceptions 'to the end that all relevant facts and circumstances *tending to establish any of the constituent elements of the crime' for which the accused is on trial* may be made to appear." Witters v. United States, 70 App.D.C. 316, 106 F.2d 837, 125 A.L.R. 1031 (1939). [Emphasis supplied]

◼ Defendant's third contention is that the court erred in allowing the information to be read to the jury charging two counts of rape and two counts of lewd and lasciv-

**240**

ious acts. He argues that he can be charged with only one count of rape and one count of lewd and lascivious acts since the acts were all part of a single transaction. The argument is without merit. "Rape is an *act* of sexual intercourse, * * *." A.R.S. § 13–611. [Emphasis supplied] Likewise, A.R.S. § 13–652 makes it a felony to commit "any lewd and lascivious *act* * * *." [Emphasis supplied] Both statutes permit prosecution for the commission of a single act. When several acts of intercourse and several lewd and lascivious acts are committed on the same victim we see no reason why as many counts for each offense cannot be brought, despite the fact the defendant never left his victim's bed during the course of the commission of the acts.

Affirmed.

STRUCKMEYER and McFARLAND, JJ., concur.