No. 45,682

THE STATE OF KANSAS, *Appellant,* v. VERNON S. PIERCE, RICHARD ALEXANDER, HENRY DAVIS, NOEL D. NEWSOM, FRED M. JOHNSON, JOHN H. MANNING, LEONARD HARRISON, HAROLD COLE and SAMUEL JARVIS HUNT, *Appellees.*

(469 P. 2d 308)

Opinion filed May 9, 1970.

*Keith Sanborn,* county attorney, argued the cause, and *Kent Frizzell,* attorney general, and *Norman I. Cooley,* deputy county attorney, were with him on the brief for the appellant.

*Chester I. Lewis,* of Wichita, argued the cause, and *Charles Scott,* of Topeka, was with him on the brief for the appellees.

The opinion of the court was delivered by

HARMAN, C.: In this criminal proceeding the state of Kansas appeals from an order quashing two counts contained in an information.

By way of background we are told that as a result of certain events allegedly occurring at a Wichita motel on October 17, 1968, the nine persons who are appellees herein were charged with various criminal offenses. After preliminary hearing they were bound over for trial to the district court of Sedgwick county upon several charges. The record is indefinite as to exactly what all these charges

were but they included two counts of extortion and two counts of assault to commit extortion.

The state then filed an information accordingly against defendants, charging them jointly.

Count one of the information purportedly charged each defendant under K. S. A. 21-2412 with an offense against one Rufus W. Blake, which offense has been denominated throughout by the prosecution as extortion. Count two purportedly charged each defendant under K. S. A. 21-434 with assault against Rufus W. Blake with intent to commit a felony, the felony being the extortion named in count one. Count three purportedly charged each defendant under K. S. A. 21-2412 with an offense against one Frank Carpenter, the offense also being labeled throughout as extortion. Count four charged each defendant under K. S. A. 21-434 with assault against Frank Carpenter with intent to commit a felony, the felony being the extortion in count three. All offenses are charged as occurring October 17, 1968.

We have not been supplied the other counts contained in the information, or in subsequent amendments, inasmuch as they are not of concern here but evidently at least one count charged first degree robbery and others charged extortion in connection with two other named victims.

The nine defendants filed a motion to quash counts two and four of the information (assault with intent to commit extortion). The trial court sustained this motion and the state appeals from that order.

Appellant makes several arguments in support of its contention of error. It says the statutory grounds for quashing an indictment are exclusive and contends none of them is applicable here; that the jury is the sole judge of all questions of fact and the trial court could not anticipate evidence to be offered and thereby quash a count in advance of trial on the theory each defendant could at most be convicted only of one offense arising out of and encompassing the same act; and that counts two and four constitute proper pleading.

We agree generally with the legal principles urged by appellant but the difficulty arises in their application.

The basis of the trial court's ruling was that counts two and four alleged offenses which were based upon the same factual situation as those contained in counts one and three and in fact encompassed

the same act, and under this court's ruling in *State v. Gauger*, 200 Kan. 515, 438 P. 2d 455, two separate convictions cannot be carved out of a single act of criminal delinquency.

K. S. A. 62-1436 provides:

"The court may quash an indictment or information, on motion, when it appears upon its face either—

"*First*. That the grand jury had no legal authority to inquire into the offense charged.

"*Second*. That the facts stated do not constitute a public offense.

"*Third*. That the indictment or information contains any matter which if true would constitute a legal justification of the offense charged, or other legal bar to the prosecution."

In *State v. Cook*, 193 Kan. 541, 393 P. 2d 1017, this court held the statutory grounds for quashing an information were exclusive and further stated:

"A motion to quash is not a means of testing the guilt or innocence of the defendant with respect to a crime properly charged. Our decisions, as well as those of other courts, hold that a motion to quash only reaches some defect apparent on the face of the information and that all facts therein stated must be accepted as true. A motion to quash does not involve the merits of the case, and whether the prosecution will be able to prove all the allegations of the accusation is not material. The trial court cannot anticipate what facts might be subsequently established during the trial of the case. . . . Extraneous evidence cannot be resorted to for the purpose of establishing the insufficiency of an information." (p. 543.)

Count one, the so-called extortion charge, was laid under K. S. A. 21-2412. We had occasion to construe this statute in *State v. Cruitt*, 200 Kan. 372, 436 P. 2d 870. After stating that it defines the offense of blackmail and includes within its provisions several classes of offenses, we commented: "In many respects the statute lacks that clearness of meaning and accuracy that should characterize legislation, and, as drafted, is calculated to give rise to many perplexing questions." (p. 375.) The statute is lengthy and need not be quoted here. Happily, it is one destined for repeal July 1, 1970, when our new criminal code becomes effective. The completed crime commonly known as extortion under our present code is actually that denounced in K. S. A. 21-529 (see comment by Advisory Committee on Criminal Law Revision, Kansas J. C. B., April, 1968, Special Report, p. 54).

Likewise we deem it unnecessary to quote count one, which is lengthy and contains many of the uncertainties of the statute it purports to follow, particularly because it includes elements taken from

more than one of the separate offenses denounced therein. However, the gist of the offense charged appears to be an assault by appellees upon Rufus W. Blake by striking and kicking him about the head and body with intent to extort from him the employment of an unqualified employee for a particular job.

Turning to the felonious assault in count two, stripped of unessential verbiage, we find it charges appellees with an assault upon Rufus W. Blake by striking and kicking him about the head and body "with intent to commit a felony, to-wit: extortion, contrary to K. S. A. 21-2412 as set out in Count I and incorporated herein by reference as if the same were fully set out herein".

Counts three and four pleaded the same kind of offenses committed against Frank Carpenter, in the same manner as their counterparts in counts one and two.

Appellant argues that inasmuch as the trial court could not anticipate the evidence, a rule of pleading announced in *State v. Neff*, 169 Kan. 116, 218 P. 2d 248, should govern, that rule being:

"Where offenses constitute one comprehensive plan, transaction, or one offense is a corollary to the other they may be joined and this is true whether they be of the same general character or not." ( p. 121. )

In *Neff* the defendant was charged in separate counts with the murder of his wife and his brother-in-law. He sought to quash the information on the ground it was duplicitous and further because of misjoinder of unrelated offenses not arising out of the same transaction. This court held no problem of duplicity was presented as the information did not charge more than one offense in any single count, and as to the latter ground stated:

"On a motion to quash an information, or on a motion to require the state to elect between offenses charged, on the ground two unrelated offenses are improperly joined, a trial court is not obliged to rule thereon immediately but may wait until the state's testimony discloses whether the offenses are sufficiently related to permit their joinder in separate counts. The rule applies although from an examination of the counts on their face it appears unlikely a joinder can be sustained." ( Syl. ¶ 2. )

In *Neff* the court dealt with two distinctly separate offenses which is not the case here.

An accusatory pleading in a criminal case may, in order to meet the exigency of proof, charge the commission of the same offense in different ways. In such a situation a conviction can generally be upheld only on one count, the function of the added counts in the pleading being to anticipate and obviate fatal variance between

allegations and proof. Thus it is proper to charge by several counts of an information the same offense committed in different ways or by different means to the extent necessary to provide for every·possible contingency in the evidence. (*State v. Harris,* 103 Kan. 347, 175 Pac. 153; *State v. Emory,* 116 Kan. 381, 226 Pac. 754.)

In *State v. Gauger,* supra, the defendant was charged with and in a jury trial convicted of the offenses of first degree robbery and assault with intent to commit robbery. Because of procedural errors these convictions were reversed with directions to grant a new trial. Beyond this, however, it appeared the same facts had been relied upon to prove both offenses of which defendant was convicted and this court pointed out that since the assault with intent to rob was an integral part of and necessarily included in the crime of first degree robbery the defendant could be convicted only of one offense. We gave no directions as to the further handling of the two charges upon the new trail ordered but did state this rule:

"Where a single act of violence or intimidation, which is an essential element of a first degree robbery conviction, is also relied on as constituting the separate crime of assault with intent to rob, two separate offenses cannot be carved out of the one criminal delinquency." (Syl. ¶ 5.)

Also, we quoted approvingly from *State v. Colgate,* 31 Kan. (2d ed.) 511, 3 Pac. 346, as follows:

". . . a single offense cannot be split into separate parts, and the supposed offender be prosecuted for each of such separate parts, although each part may of itself constitute a separate offense. If the offender be prosecuted for one part, that ends the [prosecution] for that offense, provided, such part of itself constitutes an offense for which a conviction can be had. And generally we would think that the commission of a single wrongful act can furnish the subject matter or the foundation of only one criminal prosecution. . . . (p. 515.)" (p. 523.)

Although the posture of *Gauger* is different from that of the case at bar the ruling expresses a definite philosophy against double prosecution for the same act. Without attempting to lay down a hard and fast, or comprehensive, rule governing all offenses we think generally a single wrongful act should not furnish the foundation of more than one criminal prosecution.

In *Rosenhoover v. Hudspeth,* 112 F. 2d 667, the defendant contended two counts in an indictment charged him with but a single offense. The court stated the test to be applied in determining the· question of identity of offenses laid in two or more counts of an indictment is whether each requires proof of a fact which is not

required by the others. Our own decisions are in harmony with this statement (2 Hatcher's Kansas Digest, rev. ed., Criminal Law, § 47; 3B West's Kansas Digest, Criminal Law, § 195).

Counts one and two on their face actually charged commission of the same wrongful act—an assault against the same victim with the same intent. The two counts did not allege commission of the same offense in different ways or manners. The requisite proof for either count would be the same. We think the felonious assault count was in every essential identical to the charge contained in count one. The trial court could come to this conclusion, as we have, from the facts pleaded in the information without resort to extraneous evidence. That which is said respecting counts one and two would be applicable also to counts three and four. Under these circumstances we cannot say the trial court erred in quashing the felonious assault charges.

The order appealed from is affirmed.

APPROVED BY THE COURT.