No. 47,938

STATE OF KANSAS, *Appellee*, v. VERNON LOUIS ROBINSON, *Appellant*.

(547 P. 2d 335)

Opinion filed March 6, 1976.

*Michael J. Peterson*, of Kansas City, argued the cause and was on the brief for the appellant.

*Philip L. Sieve*, assistant district attorney, argued the cause, and *Curt T. Schneider*, attorney general, and *Nick A. Tomasic*, district attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

MILLER, J.: This is a direct appeal from a conviction for the crime of rape, in violation of K. S. A. 21-3502. The defendant presents three points on this appeal. He contends (1) that the trial court erred in not granting a new trial on its own motion or on the motion of defense counsel, when the victim offered unsolicited remarks concerning defendant's prior record, namely, a prior conviction; (2) that the evidence is not sufficient to sustain a verdict of guilty; and (3) that the trial court erred in not declaring a mistrial as a result of remarks made by the prosecutor in his rebuttal.

We first summarize the evidence. Mrs. D. took her automobile to the Acme Radiator Company in Kansas City, Kansas on August 10, 1973 to have the air-conditioning unit repaired. The car continued to overheat after the work was done, and Mrs. D. returned to the shop that evening about 8:30 p. m. The defendant arrived shortly thereafter. Mrs. D., age 58, was accompanied by Miss Conroy, age 60. Miss Conroy remained in or about the automobile.

The defendant engaged the two women in conversation. The defendant suggested that the car might need an oversized radiator and fan, and he asked Mrs. D. to accompany him to the basement of the shop so that he could show her why her car continued to overheat. When they arrived at the staircase at the rear of the

building, defendant grabbed Mrs. D., pulled her down the steps into the basement, stifled her cries for help, and raped her several times. Mrs. D. screamed, but her cry was not heard. Mrs. D. was held in the basement area for approximately one hour.

As they ascended the stairs, the defendant threatened Mrs. D. with physical harm if she told anyone. She attempted to tell the man who had worked on her car, but stopped short because the defendant was approaching. She then proceeded immediately to her car and left the premises. She told Miss Conroy of the occurrence, and of her fear that the defendant would follow and harm them. As soon as she reached home, Mrs. D. called the owner of the shop and reported the incident to him. She called her doctor the following morning and was given a physical examination, following which she reported the incident to the police.

During the early part of Mrs. D.'s testimony she was asked by the prosecutor whether she and her friend had any conversation with the defendant. She replied that the defendant came over, "and was talking more or less about a case in Wichita that he had to serve a year and a day, or something to that effect. I mean, he just went on and on about it. And I didn't ask any questions, only that we did sympathize with him. We didn't know. He said the judge had been killed or something. And he had a grouch on and he cussed, or something to that effect. . . . I knew nothing about the case in Wichita."

The defendant contends that even though this testimony was unsolicited by the state, it was prejudicial. Specifically, he contends that it violated the policy of K. S. A. 60-455, which governs the admissibility of evidence of prior offenses. There is no evidence in the record that defense counsel objected to the victim's testimony or moved that the improper references be stricken from the record.

K. S. A. 60-404 is pertinent. It provides:

"A verdict or finding shall not be set aside, nor shall the judgment or decision based thereon be reversed, by reason of the erroneous admission of evidence unless there appears of record objection to the evidence timely interposed and so stated as to make clear the specific ground of objection."

In *Baker v. State,* 204 Kan. 607, 464 P. 2d 212, we said:

"The contemporaneous objection rule long adhered to in this state requires timely and specific objection to the admission of evidence in order for the question of admissibility to be considered on appeal. (K. S. A. 60-404.) The rule is a salutary procedural tool serving a legitimate state purpose. (See, *Mize v. State,* 199 Kan. 666, 433 P. 2d 397; *State v. Freeman,* 195 Kan. 561, 408 P. 2d 612, cert. denied, 384 U. S. 1025, 16 L. Ed. 2d 1030, 86 S. Ct. 1981.)

By making use of the rule, counsel gives the trial court the opportunity to conduct the trial without using the tainted evidence, and thus avoid possible reversal and a new trial. Furthermore, the rule is practically one of necessity if litigation is ever to be brought to an end." (p. 611.)

Since the defendant did not object to the witness' testimony when the references were made, he cannot now complain that it substantially prejudiced his rights. Even if the testimony was improper, it would appear that its admission was harmless error in this case. The quoted testimony does not indicate whether the matter in Wichita was civil or criminal, and there was no statement that defendant had been convicted of an offense. It appears that this statement came in quite inadvertently, and there was no further reference to the matter in the record. We conclude that, while this testimony could have been stricken upon proper motion, it constituted harmless error under the circumstances of this case.

Defendant contends that the evidence in this case was not sufficient to sustain the jury's verdict of guilty, and that the medical evidence was insufficient to corroborate in any way the testimony of Mrs. D. In connection with this claim of insufficiency of evidence, we secured and have reviewed the entire trial transcript. We need not set out the sordid details here. The testimony of Mrs. D., standing alone, is sufficient to support this conviction on appeal. Additionally, the testimony of Miss Conroy and the attending physician provided corroboration.

"On appellate review the question is not whether the evidence establishes guilt beyond a reasonable doubt but whether the evidence was sufficient to form the basis for a reasonable inference of guilt when viewed in a light most favorable to the state. . . ." *State v. Wilkins,* 215 Kan. 145, 147, 523 P. 2d 728.

The evidence in this case establishes all of the elements of the crime of rape, and we hold that it is more than adequate to support this conviction.

We turn now to the final point raised, relating to the closing argument on behalf of the state. Defense counsel, in closing argument, suggested to the jury that the clothing of the victim should have been introduced in evidence, that the state had failed to introduce it, and inferred that it would have been favorable evidence to the defendant. The prosecutor, upon rebuttal argument, replied to the defense argument, stating:

"Now, where is the clothing of the defendant? And where is the clothing of Mrs. [D.]? . . . I don't think it is material. I don't think it would

show or prove anything. The defendant has subpoena power. He can bring these things in if they are going to show anything relevant in his favor."

Defendant contends that this argument substantially prejudiced his right to a fair trial and that it commented on his failure to testify in his own defense. Defendant relies upon *State v. Wilson,* 188 Kan. 67, 360 P. 2d 1092, where a conviction of kidnapping, rape and inflicting great bodily harm was reversed because of objectionable and prejudicial argument by the prosecutor. The argument included reference to the controversial *Chessman* case and the reading of editorial comment thereon which disclosed that the victim in *Chessman* lost her mind as a result of the abuse to which she was subjected. Clearly such argument was highly inflammatory and prejudicial, and this court so held.

Here, the prosecutor's remarks were certainly not inflammatory. They were invited by defendant's closing argument. Defense counsel argued that the state had failed to introduce in evidence the clothing of the victim, and inferred that such evidence would have been favorable to the defendant. The state simply responded that the defense could also have caused the clothing of the victim and of the defendant to be produced at trial had the defense wished to do so. The argument was not in anywise a reference to defendant's failure to testify. The clothing in question could have been identified by others, by the victim and by the arresting officer. The failure of a party to produce available evidence may give rise to an inference that it would be adverse to the party who could have produced it. *State v. Wilkins,* supra. This applies equally to the prosecution and the defense.

The prosecutor is entitled to considerable latitude in arguing the case to a jury. *State v. Potts,* 205 Kan. 47, 468 P. 2d 78. There is no prejudicial error where the questionable statements of a prosecuting attorney are provoked and made in response to previous arguments or statements of defense counsel. *State v. Magee,* 201 Kan. 566, 441 P. 2d 863; *State v. Cippola,* 202 Kan. 624, 451 P. 2d 199, cert. den. 396 U. S. 967, 24 L. Ed. 2d 432, 90 S. Ct. 446.

We conclude that the argument complained of did not exceed the limits of fairness, and was not prejudicial error.

The judgment of the district court is affirmed.