No. 49,319

STATE OF KANSAS, *Appellee,* v. VIRGIL DORSEY, JR., *Appellant.*

(578 P.2d 261)

Opinion filed May 6, 1978.

*Duane D. Guy,* of Emporia, argued the cause and was on the brief for appellant.

*Jay W. Vander Velde,* county attorney, argued the cause and *Curt T. Schneider,* attorney general, was with him on the brief for appellee.

The opinion of the court was delivered by

HOLMES, J.: Virgil Dorsey, Jr., defendant-appellant, appeals from jury verdicts finding him guilty of one count of kidnapping (K.S.A. 21-3420), three counts of attempted rape (K.S.A. 21-3502 and K.S.A. 21-3301), and two counts of aggravated oral sodomy (K.S.A. 21-3506).

Defendant was tried on an amended complaint containing eight counts covering acts which allegedly occurred between 12:30 a.m. and 1:35 a.m. on July 29, 1975, as follows:

Count I, kidnapping

Count II, rape at 12:35 a.m.

Count III, oral sodomy at 12:40 a.m.

Count IV, rape at 12:45 a.m.

Count V, oral sodomy at 12:50 a.m.

Count VI, rape at 1:20 a.m.

Count VII, anal sodomy at 1:25 a.m.

Count VIII, oral sodomy at 1:35 a.m.

Defendant was found guilty on counts one, five and eight, guilty of attempted rape on counts two, four and six and not guilty on counts three and seven.

Defendant raises two points on appeal:

1.   That the court erred in failing to sustain objections to the prejudicial comments of the prosecutor and in failing to admonish the jury relative to them.

2.   That the verdict is not supported by sufficient competent evidence.

We do not deem it necessary or advisable to repeat the sordid details from the trial further than is necessary to determine the issues on appeal. All of the alleged crimes took place with one victim, under a single set of circumstances within a time span of approximately one hour. The two principal witnesses were the alleged victim and the defendant, each having a different version of the night's events, although there was testimony tending to support the victim's story.

Defendant's first point on appeal is that the prosecutor made prejudicial statements to the jury during final argument. In *State v. Baker*, 219 Kan. 854, 549 P.2d 911 (1976), we held:

"In summing up a case before a jury, counsel may not introduce or comment on facts outside the evidence, but reasonable inferences may be drawn from the evidence and considerable latitude is allowed in discussing it. Counsel may appeal to the jury with all the power and persuasiveness his learning, skill and experience enable him to use." (Syl. 9)

Some of the prosecutor's statements objected to by defendant were in response to defense counsel's comments in his closing argument.

"There is no prejudicial error when a statement of a prosecutor is provoked and made in response to previous argument or statements of defense counsel." *State v. Clark*, 222 Kan. 65, 72, 563 P.2d 1028 (1977). See also *State v. Robinson*, 219 Kan. 218, 547 P.2d 335 (1976) and cases cited therein.

Other statements of the prosecutor, not objected to during trial, are now raised for the first time on appeal.

". . . The rule is well settled that reversible error cannot be predicated upon a complaint of misconduct of counsel in closing argument where no objection is lodged." *State v. Watkins,* 219 Kan. 81, 87-88, 547 P.2d 810 (1976).

We have reviewed the entire closing arguments of both counsel in light of the entire record on appeal and find defendant's first point to be without merit.

Defendant's second point is there was no sufficient evidence to support the verdict of the jury. Only two people were at the scene of the crime, the victim and the defendant. Both testified and it appears the jury found the victim's testimony more believable than the defendant's.

". . . The credibility of witnesses will not be passed upon and conflicting evidence will not be weighed on appellate review. This court looks only to the evidence which supports the verdict and if the essential elements of the charge are supported by any competent evidence, the conviction must stand. (Citations omitted)" *State v. Dodson,* 222 Kan. 519, 524, 565 P.2d 291 (1977).

There was sufficient competent evidence to support the defendant's conviction of one count of kidnapping, one count of attempted rape and one count of oral sodomy.

However, this does not finally dispose of the appeal. It is clear from the record that all of the alleged charges against the defendant grew out of one incident, with one victim under a single set of circumstances. The complaint contains a multiplicity of charges which have resulted in multiple convictions for the same offenses.

While there has been a tendency for some courts to use the terms "duplicity" and "multiplicity" interchangeably, there are definite differences between the terms when applied to a criminal pleading.

". . . 'Duplicity' is the joining in a single count of two or more distinct and separate offenses. 'Multiplicity' is the charging of a single offense in several counts." 1 Wright, *Federal Practice and Procedure: Criminal,* § 142 at page 306.

In considering the problems raised by a pleading that includes multiplicitous charges the court in *United States v. Hearod,* 499 F.2d 1003, 1005 (5th Cir. 1974), said:

". . . The principal danger raised by a multiplicitous indictment is the

possibility that the defendant will receive more than one sentence for a single offense."

## As early as 1884, this court stated:

"And upon general principles a single offense cannot be split into separate parts, and the supposed offender be prosecuted for each of such separate parts, although each part may of *itself* constitute a *separate offense.* If *the offender be* prosecuted for one part, that ends the prosecution for that offense, provided, such part of itself constitutes an offense for which a conviction can be had. And generally we would think that the commission of a single wrongful act can furnish the subject matter or the foundation of only one criminal prosecution. . . ." *State v. Colgate,* 31 Kan. 511, 515, 3 Pac. 346 (1884).

The conduct of the defendant in the instant case constituted one continuous occurrence in which the jury found three separate and distinct offenses were committed, to-wit: kidnapping, attempted rape and oral sodomy. As we stated in *State v. Lassley,* 218 Kan. 758, 761, 545 P.2d 383 (1976):

"It is a generally accepted principle of law that the state may not split a single offense into separate parts. Where there is a single wrongful act it generally will not furnish the basis for more than one criminal prosecution. (*State v. James,* 216 Kan. 235, 531 P.2d 70; *State v. Gauger,* 200 Kan. 515, 438 P.2d 455.)"

In *Jarrell v. State,* 212 Kan. 171, 510 P.2d 127 (1973), defendant was charged with two counts of forcible rape, one count of assault with felonious intent and one count of taking a woman for defilement, all involving one act of violence on the same woman. This court reversed stating:

"This court has likewise held the state may not split a single offense into separate parts. Two or more separate convictions cannot be carved out of one criminal delinquency and where numerous charges are made, those which make up an integral part of another crime charged, in which the defendant was convicted, must be dismissed as duplicitous." (p. 173.)

In *State v. Pierce, et al.,* 205 Kan. 433, 469 P.2d 308 (1970), we held:

"It is proper to charge by several counts of an information the same offense committed in different ways or by different means to the extent necessary to provide for every possible contingency in the evidence." (Syl. 1)

"Generally, a single wrongful act should not furnish the foundation of more than one criminal prosecution." (Syl. 2)

"The test to be applied in determining the question of identity of offenses laid in two or more counts of an information is whether each requires proof of a fact which is not required by the others." (Syl. 3) Also compare *Jarrell v. State,* supra; *State v. Cory,* 211 Kan. 528, 506 P.2d 1115 (1973).

While the factual situation in the case before this court is somewhat different from prior decisions and comes to the court in a different posture, we feel the general principles previously enunciated apply. The only difference in the three allegations of rape and the facts necessary to prove the acts, was a lapse of a few minutes between each alleged offense. Under the circumstances, we fail to find where there has been more than one act of attempted rape. The same is true of the allegations of oral sodomy. On the other hand, the proof necessary to convict the defendant of kidnapping, rape or attempted rape and sodomy requires different facts and therefore the conviction as to one count of each of these three different crimes would not be multiplicitous. The convictions of the additional counts of attempted rape and sodomy, under the factual situation existing in this case, are not supported by the evidence and constitute multiple convictions for the same offense.

The fact that defendant has been convicted more than once for the same offense does not require a reversal of all the convictions.

"An accusatory pleading in a criminal case may, in order to meet the exigency of proof, charge the commission of the same offense in different ways. In such a situation a conviction can generally be upheld only on one count, the function of the added counts in the pleading being to anticipate and obviate fatal variance between allegations and proof. Thus it is proper to charge by several counts of an information the same offense committed in different ways or by different means to the extent necessary to provide for every possible contingency in the evidence." *State v. Pierce, et al.,* supra, 436-437.

The convictions on counts one, two and five are affirmed and the convictions and sentences on counts four, six and eight are vacated and set aside.

It is so ordered.

MCFARLAND, J., concurring and dissenting: While I do not disagree with the statements of law in the majority opinion, I disagree with their application to the case herein. Converting the timetable of counts contained in the majority opinion to the convictions, it becomes:

| | |
|---|---|
| Kidnapping | 12:30 A.M. [1] |
| Attempted Rape | 12:35 A.M. |
| Attempted Rape | 12:45 A.M. |
| Aggravated Oral Sodomy | 12:50 A.M. |
| Attempted Rape | 1:20 A.M. |
| Aggravated Oral Sodomy | 1:35 A.M. |

The majority opinion confuses the repetition of the same crime with "multiplicity." This rationale means that no matter how many times a woman is raped by the same man it is but one offense as long as the time frame is contiguous. For example, in a gang rape situation where a woman is raped a total of six times by three men, it would be three crimes. If she were raped six times by the same man, it would be one crime.

"Multiplicity" refers to situations where one act results in multiple charges for the one act. For example, the victim is shot, and the accused is charged with attempted murder, aggravated battery, and aggravated assault. The single act of firing the gun is the basis for all three charges.

*Jarrell v. State,* 212 Kan. 171, 510 P.2d 127 (1973), cited by the majority, involved *on appeal* one count of rape, one count of taking a woman for defilement, and one count of assault with felonious intent. The rape count was held to include the latter two counts. The second rape count of *Jarrell* was not involved in the appeal and was not held to be duplicitous as the majority opinion herein would seem to imply.

In the case at hand we have numerous separate and distinct crimes being committed, each of which is a crime in its own right regardless of what occurred prior to or thereafter, and this is not "multiplicity." The majority opinion, in effect, says that if a man rapes a woman once, he can repeat the crime as many times as he likes with no additional criminal liability therefor. This result is against public policy and is a further insult to the victims of such crimes.

I would affirm all convictions.

MILLER, J., dissenting: I join in the dissent of Justice McFarland.

Additionally, I point out that the defendant presents but two points on appeal, alleged prosecutorial misconduct in closing argument and insufficiency of the evidence.

Multiplicity of charges was *not* raised; it was not briefed by either the defendant or the state; and to my recollection it was not argued. We should not raise it *sua sponte.*

I respectfully submit that the judgment should be affirmed.

PRAGER, J. joins in the dissent of MILLER, J.