630 P.2d 1044

The STATE of Arizona, Appellee,

v.

Steven Allen BRUNI, Appellant.

No. 2 CA-CR 2194.

Court of Appeals of Arizona, Division 2.

May 4, 1981.

Rehearing Denied June 10, 1981.

Review Denied June 30, 1981.

Robert K. Corbin, Atty. Gen., by William J. Schafer, III, and David R. Cole, Phoenix, for appellee.

Jack L. Lansdale, Jr., Tucson, for appellant.

## OPINION

BIRDSALL, Judge.

Appellant was charged with, convicted and sentenced on 14 counts involving the kidnapping and subsequent sexual assaults of each of two female victims on different dates and the kidnapping and aggravated assault on a third female victim on another date.

The first incident occurred on October 9, 1979 with Victim B. The victim was walking alone on a street in Tucson at about 11:30 P.M. Appellant confronted her on foot, pointed a gun at her, pushed her into his vehicle through the driver's door and drove her to a remote desert area where he forcibly committed various sexual acts upon her. He then returned her to Tucson where he dropped her off. The second incident occurred the following October 14 with Victim P. She was likewise walking alone on a street in Tucson at approximately 7:00 A.M. when appellant approached her on foot, grabbed her, and placed a metal object against the back of her head. Fortunately, a dog barked and a neighbor yelled whereupon appellant ran to his vehicle and drove away. The last incident was on October 17, 1979 with Victim M. She was walking alone near the same area as the second victim at about 8:00 P.M. Appellant

grabbed her from behind, hit her, shoved a gun toward her shoulder, pushed her into his vehicle through the driver's door and, after driving for some time, took her into a house trailer where he then committed sexual acts upon her similar to those committed with Victim B.

As to the assault on Victim B, appellant was convicted of the following felony counts as described in the indictment:

1. kidnapping
2. attempted sexual assault (attempted sexual intercourse)
3. sexual assault (sexual intercourse)
4. sexual abuse (sexual contact)
5. sexual assault (oral sex)
6. sexual assault (sexual intercourse)
7. attempted sexual assault (attempted sexual intercourse)

As to the assault on Victim P, appellant was convicted of:

8. kidnapping
9. aggravated assault

As to Victim M, appellant was convicted of:

10. kidnapping
11. aggravated assault
12. sexual assault (sexual intercourse)
13. sexual assault (oral sex)
14. sexual assault (sexual intercourse)

In addition to the guilty verdicts the jury found each of the counts to be of a dangerous nature and that appellant had three prior felony convictions. The court found that all of the prior convictions were non-dangerous. Appellant was sentenced as follows:

1. kidnapping—28 years
2. attempted sexual assault—20 years
3. sexual assault—28 years
4. sexual abuse—6 years
5. sexual assault—28 years
6. sexual assault—28 years
7. attempted sexual assault—20 years
8. kidnapping—28 years
9. aggravated assault—20 years.

It was ordered that these sentences were to be served concurrently. He was further sentenced:

10. kidnapping—28 years

11. aggravated assault—20 years
12. sexual assault—28 years
13. sexual assault—28 years
14. sexual assault—28 years

These sentences were to run concurrently with each other but were to commence upon completion of the preceding nine sentences imposed. It was further the judgment of the trial court pursuant to the jury verdicts that each of the crimes was of a dangerous nature and repetitive with 3 prior non-dangerous felonies. The court further found that appellant would not be eligible for release on parole or otherwise until he had completed not less than ⅔ of each sentence imposed.

The court further found that aggravated sentences were justified because of the physical suffering of the victims, use of a weapon, appellant's previous record, his flight from prosecution, his failure to appear for trial (he was tried in absentia) and the danger he is to the community.

Timely appeal was filed and appellant, in his opening brief, claims the trial court erred in the following respects:

1) Denying severance of the counts as they pertain to the three unrelated victims;

2) Allowing hearsay evidence concerning motor vehicle license numbers and a residence address later associated with appellant;

3) Denying appellant's motion to suppress since material facts underlying a search warrant were obtained illegally;

4) Denying appellant's motion to dismiss for the following reasons:

  a. counts 1, 8 and 10 allege alternative charges,

  b. counts 9 and 11 failed to allege the elements of the offense,

  c. counts 2, 3, 5, 6, 7, 12, 13 and 14 are insufficient as a matter of law;

5) Refusing to strike the allegations of a dangerous nature on counts 9 and 11; and

6) Allowing a detective witness to testify regarding a photograph of appellant being obtained for a lineup.

We will discuss the facts further as necessary in deciding each issue.

## Severance

Appellant's first argument concerns whether the trial court erred in denying his motion to sever the counts pertaining to each of the three victims from each other, that is, to have three separate trials, each one pertaining to the charges concerning one victim only. This motion was made and renewed prior to commencement of trial. It was not renewed during trial or at the close of the evidence and was therefore waived. *See* Rule 13.4(c), 17 A.R.S. Rules of Criminal Procedure; *State v. Pierce*, 27 Ariz.App. 403, 555 P.2d 662 (1976). In his reply brief appellant argues that he did not waive the severance claim and refers us to a portion of the transcript. However, the reference discloses that the renewal of appellant's motion was made prior to commencement of the trial. The rule and the cases interpreting it provide that the motion to sever must be made prior to trial and, if denied, renewed during trial at or before the close of the evidence. Rule 13.-4(c), supra. This was not done.

Even if not waived, the joinder was proper under rule 13.3(a)(3), supra, since the incidents were clearly part of a common scheme or plan. *See State v. Dale*, 113 Ariz. 212, 550 P.2d 83 (1976); *State v. Perry*, 116 Ariz. 40, 567 P.2d 786 (App.1977). The phrase "common scheme or plan" has the same meaning as when used in the exception to the rule against using evidence in one prosecution tending to prove the commission of a crime distinct and independent from the one from which the accused is on trial. *State v. Perry*, supra. In each of these cases there are striking similarities tending to prove the planned kidnapping, assault and rape of women found walking alone on the street. The events all took place within a nine day interval and in each instance appellant called the victim "woman", threatened the use of a gun, and forced or attempted to force the woman into the same car. Since he was apparently frightened away from Victim P, the incidents concerning the other two have additional similarities, that is, the same type of sexual acts were performed or attempted to be performed on each victim. There is no merit in appellant's first argument.

## Hearsay

Appellant's second argument concerns the admission of certain evidence which he claims was hearsay. There are two instances involved. The first concerns an automobile license number that Victim P reported to the police. Upon checking with the motor vehicle authorities, it was learned that the number was assigned to a yellow Ford registered in Maricopa County. Appellant's automobile, which each of the three victims described to some extent, was a dusty red color and not a Ford. Even if this was hearsay and not admissible under any exception, it was not prejudicial. If an error is not prejudicial, it will not require reversal. *State v. Smith*, 113 Ariz. 298, 552 P.2d 1192 (1976). The same witness was also permitted to testify that another license number, similar to the one reported by Victim P, gave them a name and address which led to appellant. This was not hearsay since it was not offered to prove the truth of the matters asserted. It informed the jury how appellant and his automobile were located. Further, in view of the traffic stop of appellant which we discuss later, even if this evidence were hearsay, its admission was not prejudicial, therefore not reversible error. *Id.* We find no error.

## Motion to Suppress

Appellant's third argument concerns the admission of certain evidence obtained pursuant to a search warrant from his trailer and automobile. The events leading to this search are somewhat unusual. After securing appellant's name and address by use of the automobile license number, one of the police officers went on a Sunday to the neighborhood of the address. There he saw the automobile which had been described by the victims. Believing that he should not set foot upon the rented space occupied by appellant's trailer home, he went on to the property next door where he engaged in conversation with appellant's neighbor on

the pretext that he was looking for someone. In so doing he passed by the vehicle and was able to see inside, thus observing tears in the front and back seats of the vehicle. He was also able to fully observe the exterior of the automobile. What he saw was included in the affidavit prepared on Monday morning for presentment to a magistrate to secure the search warrant.

On that same Monday morning, however, before the search warrant was served another officer on traffic duty observed a vehicle with a loud muffler. He also realized that the vehicle appeared to fit the one described in the report concerning the three victims. This report had been the subject of a briefing for Tucson Police Department officers on the morning before. He stopped the vehicle which was being driven by appellant and was then able to see inside the vehicle where he observed the torn seats, their color, and a trash container on the hump between the seats. He also noticed that the interior of the vehicle was dirty. All of these observations were consistent with the victim's descriptions of the vehicle. The officer detained appellant there and contacted the case detective by radio who came to the scene and observed the vehicle and its interior. She was the same officer who was planning to serve the search warrant. Appellant was arrested at the scene of the traffic stop. That afternoon the search warrant was executed.

■ In the motion to suppress appellant claimed that the officer who came to his trailer on Sunday had entered upon his property in order to observe the interior of the vehicle. That is the only basis urged for suppression of the evidence subsequently seized. The transcript of the hearing on the motion shows very clearly that there was evidence from which the trial judge could determine that the officer did not enter upon appellant's property. Appellant failed to meet his burden of proof on the motion to suppress evidence seized pursuant to the warrant and the motion was properly denied. Even if there had been some illegality in the officer's conduct, the traffic stop of appellant's vehicle prior to the execution of the search warrant overcomes any such objection.

## Motion to Dismiss

We will consider appellant's fourth argument as three separate issues in the same order that appellant has argued them.

■ The first issue is whether the kidnapping counts allege alternative charges and therefore should have been dismissed. Each count alleges that appellant kidnapped the victim "with the intent to inflict death, physical injury or a sexual offense on the victim or to otherwise aid in the commission of a felony or with the intent to place the victim or a third person in reasonable apprehension of imminent physical injury to the victim or such third person...". These counts do not plead alternative charges. Rather each one charges one crime which may be committed in different ways. For example, kidnapping may be committed with the intent to inflict death or it may be committed with intent to inflict a sexual offense or it may be committed with intent to inflict physical injury. This manner of charging is proper. *See State v. Martin*, 105 Ariz. 265, 463 P.2d 63 (1969).

■ The next issue raised by appellant is that counts 9 and 11 failed to allege the elements of the offense. These counts were amended by the trial court pursuant to the state's motion prior to trial. Appellant's argument is addressed to the counts as originally worded, not to the amendment. The counts as amended each identify the victim, the date of the assault, the perpetrator as appellant, and that he assaulted a victim "by intentionally placing her in reasonable apprehension of imminent physical injury and by knowingly touching her with the intent to injure, insult or provoke, and further that said assault was committed with the use of a deadly weapon or dangerous instrument, to-wit, a gun." As amended these counts certainly allege the elements of the offense of aggravated assault. *See* A.R.S. § 13–1203 and § 13–1204.

The final segment of appellant's fourth argument is that counts 2 through 7, but excluding 4, pertaining to Victim B and counts 12 through 14 inclusive pertaining to Victim M are insufficient as a matter of law. He argues that the counts are not sufficiently distinguishable and that they are multiplicious. We will examine each of these counts and the evidence in order to determine whether there is merit in these arguments.

Count 5 charged appellant with sexual assault upon Victim B "by engaging in oral sexual contact". The testimony of Victim B supports the elements of this charge and we hold that charging this crime separately makes it sufficiently distinguishable and that it is not multiplicious. Likewise count 13 pertaining to Victim M is worded exactly the same and the testimony of that victim supports the elements of that offense.

As to the other counts involving Victim B, the testimony of this victim shows that appellant, during the course of the approximate two hours that he was with her, attempted to have sexual intercourse with her (Count 2), had sexual intercourse with her (Count 3), committed sexual abuse by sexual contact without intercourse (Count 4), had sexual intercourse again (Count 6), and again attempted sexual intercourse (Count 7). With reference to Victim M, she testified that appellant twice had sexual intercourse with her during the approximate four hours that they were together (Counts 12 and 14).

Appellant argues, citing *State v. Von Reeden*, 9 Ariz.App. 190, 450 P.2d 702 (1969), that these counts are not sufficiently distinguishable. *Von Reeden* involved a multi-count indictment charging the defendant with identical counts of grand theft by embezzlement. In *Von Reeden* the trial court denied defendant's motion for bill of particulars under former Criminal Rule 116 until the morning of trial when the state urged the same motion. Our current Rules of Criminal Procedure, 17 A.R.S., do not provide for a bill of particulars. Instead, a defendant is given a transcript of the grand jury proceedings and discovery material which disclose the particulars of each charge. *See* Rules 12.8 and 15, 17 A.R.S. Rules of Criminal Procedure. We have examined the transcript and find that the details of each crime charged are carefully delineated. There was no error in not dismissing the charges for insufficiency. *See State v. O'Brien*, 123 Ariz. 578, 601 P.2d 341 (App.1979).

But, appellant argues, the counts were multiplicious. Multiplicity is defined as charging a single offense in multiple counts. *State v. O'Brien*, supra, citing *United States v. Lubomski*, 277 F.Supp. 713 (N.D.Ill.1967). The essence of appellant's argument is that there was but one sexual assault on each victim no matter how many times appellant successfully achieved or attempted penetration or some other sex act. He cites *State v. Dorsey*, 224 Kan. 152, 578 P.2d 261 (1978) where the Kansas Supreme Court vacated jury verdicts of guilty on three counts of sex offenses because "the only difference in the three allegations . . . and the facts necessary to prove the acts, was a lapse of a few minutes between each alleged offense." Appellant also cites *Brown v. Ohio*, 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977), where the United States Supreme Court observed that: "The Double Jeopardy Clause is not such a fragile guarantee that prosecutors can avoid its limitations by the simple expedient of dividing a single crime into a series of temporal or spatial units". *Id.* at 170, 97 S.Ct. at 2227.

The counts and charges with which we are concerned in considering this argument are:

As to Victim B—

Count 2, Attempted sexual assault (attempted sexual intercourse)

Count 3, Sexual assault (sexual intercourse)

Count 4, Sexual abuse (sexual contact)

Count 6, Sexual assault (sexual intercourse) and

Count 7, Attempted sexual assault (attempted sexual intercourse).[1]

As to Victim M we are concerned with two counts of sexual assault (intercourse), Counts 12 and 14.[2]

In addition to the fact that there were some identical charges, the jury was not given any verdict forms or instructions which would enable them to differentiate one charge of sexual intercourse from another or one charge of attempted sexual intercourse from another. If the jury had returned, for example, a guilty verdict on one charge of sexual intercourse as to Victim B and a not guilty verdict as to the other charge of sexual intercourse with Victim B there would be no way to determine which conduct the jury had found criminal.

In *Dorsey* the defendant was tried on an amended complaint containing eight counts covering acts which allegedly occurred between 12:30 A.M. and 1:35 A.M. on July 29, 1975, as follows:

Count I, kidnapping

Count II, rape at 12:35 A.M.

Count III, oral sodomy at 12:40 A.M.

Count IV, rape at 12:45 A.M.

Count V, oral sodomy at 12:50 A.M.

Count VI, rape at 1:20 A.M.

Count VII, anal sodomy at 1:25 A.M.

Count VIII, oral sodomy at 1:35 A.M.

Defendant was found guilty on counts I, V and VIII, guilty of attempted rape on counts II, IV and VI and not guilty on counts III and VII. 578 P.2d at 263. The convictions on counts I, II and V were affirmed and the convictions on IV, VI and VIII were vacated. Thus the defendant remained convicted of kidnapping, attempted rape, and oral sodomy. Of the three convictions vacated, two were for attempted rape and one for oral sodomy. The reasoning of the Kansas court was that the prosecution had split a single offense into separate parts. The opinion cites other Kansas cases and quotes from *United States v. Hearod*, 499 F.2d 1003, 1005 (5th

Cir. 1974) that "[t]he principal danger raised by a multiplicious indictment is the possibility that the defendant will receive more than one sentence for a single offense".

However, the discussion of the facts in *Dorsey* leaves us wondering how these principles were applicable. The Kansas court says that:

"The only difference in the three allegations of rape and the facts necessary to prove the acts, was a lapse of a few minutes between each alleged offense. Under the circumstances, we fail to find where there has been more than one act of attempted rape. The same is true of the allegations of oral sodomy. On the other hand, the proof necessary to convict the defendant of kidnapping, rape or attempted rape and sodomy required different facts and therefore the conviction as to one count of each of these three different crimes would not be multiplicious. The convictions of the additional counts of rape and sodomy, under the factual situation existing in this case, are not supported by the evidence and constitute multiple convictions for the same offense." 578 P.2d at 265.

Our understanding of this language is that even though there was sufficient evidence of separate acts of attempted rape and sodomy, the court found that there was not sufficient evidence of separate offenses because the acts were separated by only a few minutes.

We choose to accept instead the dissent in *Dorsey* which chastises the majority with the following comments:

"The majority opinion confuses the repetition of the same crime with 'multiplicity'. This rationale means that no matter how many times a woman is raped by the same man it is but one offense as long as the time frame is contiguous. For example, in a gang rape situation where a woman is raped a total of six times by

---

1. We have eliminated Count 5 since although it was a charge of sexual assault, it was further described as oral sex.

2. We have eliminated Count 13 because of its further description as oral sex.

three men, it would be three crimes. If she were raped six times by the same man, it would be one crime.

'Multiplicity' refers to situations where one act results in multiple charges for the one act. For example, the victim is shot, and the accused is charged with attempted murder, aggravated battery, and aggravated assault. The single act of firing the gun is the basis for all three charges.

. . . . .

In the case at hand we have numerous separate and distinct crimes being committed, each of which is a crime in its own right regardless of what occurred prior to or thereafter, and this is not 'multiplicity'. The majority opinion, in effect, says that if a man rapes a woman once, he can repeat the crime as many times as he likes with no additional criminal liability therefor. This result is against public policy and is a further insult to the victims of such crimes." 578 P.2d 266.

■ As we have previously noted, in the case sub judice there was evidence to support each charge and each guilty verdict.[3]

Brown v. Ohio, supra, is distinguishable on its facts. It involved a charge of joyriding on November 29 and auto theft on December 8 when actually it was the same act of taking and returning the same auto.

■ Since the evidence supports the commission of each of the separate charges, they are not multiplicious and no error was committed. See State v. Tinghitella, 108 Ariz. 1, 491 P.2d 834 (1971).

### Motion to Strike

■ Appellant's fifth argument is that the court erred in refusing to strike the allegations of a dangerous nature on counts 9 and 11. Appellee's response directs us to the record which indicates that on August 13, 1980 the trial court granted appellant's

motion to strike those allegations.[4] In his reply brief, appellant agrees with that statement. However, as previously noted, the allegation of a dangerous nature of counts 9 and 11 was submitted as an interrogatory to the jury which found the allegation to be true. Appellant was sentenced on these counts for a dangerous nature crime. Since the motion to strike was granted, the allegations should not have been sent to the jury and we set aside the finding of a dangerous nature as to counts 9 and 11. Appellant therefore must be resentenced on these counts.

### Photograph

■ Appellant's last argument has no merit. The lead detective in the case testified that during the investigation she obtained a photo of appellant for the purpose of assembling a photographic lineup to show to the victims. There was no reference to appellant's prior police record, the witness did not use the term "mug shot", and the statement does not imply any prior criminal record. Although the introduction into evidence of mug shots or the mention of the fact that the police had photos of the defendant taken sometime before the crime can be error when it infers a prior arrest, State v. Kelly, 111 Ariz. 181, 526 P.2d 720 (1974) cert. den. 420 U.S. 935, 95 S.Ct. 1143, 43 L.Ed.2d 411 (1975), that is not the situation here. It is just as reasonable that the jury would infer that such photo was available from some source other than police records as, for example, a driver's license. See State v. Dixon, 127 Ariz. 554, 622 P.2d 501 (App.1980).

Affirmed as to judgment and sentences on all counts, except as modified as to counts 9 and 11, and remanded for resentencing on those counts.

HATHAWAY, C. J., and HOWARD, J., concur.

---

3. We are, however, compelled to observe that, if the prosecution fails to properly identify them, the better practice would be for the trial judge to furnish the jury with some means to distinguish between two identical charges where both are alleged to have occurred on the same date with the same victim.

4. The pretrial motions were heard by a judge pro tem, not the trial judge. Granting this motion was error. See State v. Bly, 127 Ariz. 370, 621 P.2d 279 (1980).