734 P.2d 73

**STATE of Arizona, Appellee,**

v.

**Jesus MERAZ aka Jesus Leon, Appellant.**

No. CR 86–0001.

Supreme Court of Arizona, In Banc.

Feb. 24, 1987.

Robert K. Corbin, Atty. Gen. by William J. Schafer, III, and Robert S. Golden, Asst. Attys. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by James Kemper and Carol Carrigan, Deputy County Public Defenders, Phoenix, for appellant.

CAMERON, Justice.

Defendant, Jesus Meraz aka Jesus Leon, was convicted and adjudged guilty of the crimes of armed burglary with a firearm, A.R.S. §§ 13–1508, –1506, –1501; sexual assault, A.R.S. §§ 13–1406, –1401; and attempted sexual assault, A.R.S. §§ 13–1406, –1401, –1001. Defendant had been previously convicted of three counts of armed robbery. Defendant was sentenced for armed burglary to life imprisonment; for sexual assault, life imprisonment to be served consecutive to the burglary sentence; and for attempted sexual assault, twenty years to be served concurrently with the other sentences. We have jurisdiction pursuant to Ariz. Const. article 6, § 5(3) and A.R.S. § 13–4031.

We must answer two questions on appeal:

1. Was it an abuse of discretion by the trial court to admit into evidence the cover of a pornographic magazine which contained the fingerprints of the defendant?

2. Was it error to impose consecutive sentences?

The facts necessary for a determination of this matter on appeal are as follows. During the early morning hours on 1 June 1985, the 64–year–old victim was awakened by a noise. She got out of bed to check the house and discovered two men going through a dresser drawer in an adjoining room. Each man had a gun. One of the men demanded money and jewels. After the victim had given them her wallet and some small change, her arms were tied behind her back with a string. A piece of clothing was thrown over her face and was

tied around her head. One of the men attempted to rape her. A little while later, she was, in fact, raped.

At approximately six o'clock in the morning of 1 June 1985, Corporal James Nelson and Deputy Gordon Deason, of the Maricopa County Sheriff's Office, went to investigate an accident which had reportedly occurred at Milepost 99 between Wickenburg and Aguila, Arizona. Upon their arrival at the scene, they discovered a car upside down in a wash below a bridge. The engine was still warm. Sergeant Gatlin of the Department of Public Safety arrived and Gatlin and Nelson followed two sets of tracks into the desert where they found some bags in a cactus. The contents of the bags were inventoried later at the station. From the accident vehicle, a hotel receipt in the name of Jesus Leon was taken as well as a magazine containing pornographic photographs.

The evidence linking defendant to the crime is basically as follows:

The pornographic magazine retrieved from the car contained the fingerprints of the defendant. Fingerprints were lifted from the victim's vanity, the top of her sink area and the windows. These fingerprints matched the fingerprints of the defendant. The bags found in the desert contained items taken from the victim's home as well as the house next door which was burglarized at the same time. A picture of the defendant was identified by the hotel clerk as a photograph of Jesus Leon who had stayed at the hotel. In addition, the defendant was identified in court by the victim as one of the men in the house at the time of the burglary.

## I. ADMISSION OF THE PORNOGRAPHIC MAGAZINE

Prior to trial, defense counsel moved in limine to preclude introduction into evidence of the cover of a pornographic magazine which contained defendant's fingerprints. Defendant contended that the magazine cover had no probative value and its introduction into evidence would unnecessarily prejudice the jury. The defendant contended that the latent print taken from the magazine cover did not require the cover to be introduced into evidence any more than a latent print taken from a wall requires the wall's introduction into evidence. The motion was denied and the cover was admitted into evidence.

In addition to objecting to the admission of the magazine cover into evidence, defense counsel requested the following instruction, which was given by the court:

The state has introduced as evidence a certain magazine cover that depicts nude women. The pictures on this magazine cover are not evidence of any fact in this case and you are not to consider the pictures on the magazine cover as evidence the defendant committed any of the alleged offenses.

Relevant evidence can and should be excluded where the probative value of the item is "substantially outweighed" by its prejudicial effects. *State v. Cannon*, 148 Ariz. 72, 76, 713 P.2d 273, 277 (1985), 17A A.R.S. Rules of Evid., Rule 403. The decision to admit or exclude, however, is left to the sound discretion of the trial judge and we will not reverse the admission of evidence absent a clear abuse of discretion by the trial court. *State v. Williams*, 144 Ariz. 433, 439, 698 P.2d 678, 684 (1985); *State v. Hallman*, 137 Ariz. 31, 34, 668 P.2d 874, 877 (1983).

■ While we might agree that it would have been better to exclude the magazine cover, we cannot say that it was error to allow its admission. The source of the defendant's fingerprints was relevant and material. The jury was properly instructed and in our opinion after viewing the magazine cover, the prejudicial effect was not great. We do not find that the cover's admission was a clear abuse of the trial court's discretion. We find no error.

## II. CONSECUTIVE SENTENCES

The trial court enhanced defendant's sentences for armed robbery and rape because he previously had been convicted of three armed robberies, each committed on a separate occasion. A.R.S. § 13–604(N). The

trial court ordered defendant to serve these two sentences consecutively and, as required by A.R.S. § 13–708, set forth reasons in the record for imposing consecutive sentences.

Defendant claims imposition of consecutive sentences is contrary to A.R.S. § 13–604(H), which reads:

> Convictions for two or more offenses not committed on the same occasion but consolidated for trial purposes may, at the discretion of the state, be counted as prior convictions for purposes of this section. Convictions for two or more offenses committed on the same occasion shall be counted as only one conviction for purposes of this section.

It is defendant's contention that the two crimes, the aggravated assault and the rape, were committed on the same occasion and that sentences for the two crimes may not be served consecutively.

We recently addressed this issue in *State v. Noble,* No. 6733 (filed January 28, 1987). There, we held that A.R.S. § 13–604(H) "governs sentence enhancement. It places no limits on a judge's ability to impose consecutive sentences, assuming that the judge has complied with other requirements. *E.g.,* § 13–116, § 13–708." Slip op. at 8.

■ As indicated earlier, the trial court complied with A.R.S. § 13–708. The trial court also did not violate the double-punishment statute, A.R.S. § 13–116, by ordering consecutive sentences. As we have stated:

> The double punishment statute bars consecutive sentences for a single act which is made punishable in different ways. *State v. Hallman,* 137 Ariz. 31, 38, 668 P.2d 874, 881 (1983). However, defendant was convicted and sentenced for four separate and distinct acts of sexual assault. He is not being punished "for a single continuous act of sexual assault committed several different ways" as he asserts. *See, e.g., State v. Hill,* 104 Ariz. 238, 450 P.2d 696 (1969); *State v. Bruni,* 129 Ariz. 312, 630 P.2d 1044 (App.1981).

*State v. Griffin,* 148 Ariz. 82, 85, 713 P.2d 283, 286 (1986).

In the instant case, the elements of the burglary were separate and apart from the elements of the sexual assault. There were two separate crimes. There is no problem of double punishment or double jeopardy. *Griffin, supra.* We find no error.

The convictions, judgments and sentences are affirmed.

GORDON, C.J., HAYS, Retired J., and HOLOHAN, J., concur.

FELDMAN, Vice Chief Justice, concurring.

I concur in the result but write separately because I disagree with the majority's conclusion that the trial judge had discretion to admit the cover of the pornographic magazine so that "[w]hile we might agree that it would have been better to exclude the magazine cover, we cannot say that it was error to allow its admission." 152 Ariz. at 589, 734 P.2d at 74. Admission of the magazine cover was not a question of discretion; the majority fails to recognize plain error.

The court correctly notes that the decision to admit or reject evidence on the grounds that the probative value does or does not outweigh the danger of unfair prejudice is within the trial court's discretion. Rule 403, Ariz.R.Evid., 17A A.R.S. (Supp.1986). Absent abuse, we will not reverse the result of a Rule 403 balancing performed by a trial court. The majority fails to realize, however, that the trial court balances only when there are disputed factual questions or inferences, or conflicting procedural or policy considerations. *City of Phoenix v. Geyler,* 144 Ariz. 323, 329, 697 P.2d 1073, 1079 (1985). If there is nothing to balance, the determination of admissibility is simply a matter of law. *Gorman v. City of Phoenix,* 152 Ariz. 179, 182, 731 P.2d 74, 77 (1987); *State v. Moran,* 151 Ariz. 378, 381, 728 P.2d 248, 251 (1986); *State v. Chapple,* 135 Ariz. 281, 297 n. 18, 660 P.2d 1208, 1224 n. 18 (1983); *Johnson v. Howard,* 45 Wash.2d 433, 436, 275 P.2d 736, 739 (1954).

In this case, there was nothing to balance. Rule 403 presupposes that the evidence sought to be admitted has probative value. The pornographic magazine cover had no probative value; it was irrelevant.

Rule 401, Ariz.R.Evid., 17A A.R.S. (Supp. 1986). Investigators already had lifted the defendant's latent fingerprint from the magazine and the defense was not challenging the manner in which the print was obtained. Realizing that the magazine cover was irrelevant, the trial judge instructed the jury that the "pictures on the magazine cover are not evidence of any fact in this case...." This instruction leads one to question why the magazine cover was admitted. The majority chooses to ignore this question and the conclusion the answer demands. Admitting the irrelevant magazine cover which arguably could have unfairly prejudiced the jury was legal error. *See State v. Steele,* 120 Ariz. 462, 464, 586 P.2d 1274, 1276 (1978) (reversed and remanded because sole purpose for introducing evidence was to prejudice the jury); *see generally* M. UDALL & J. LIVERMORE, ARIZONA LAW OF EVIDENCE §§ 81, 82, at 160–69 (2d ed. 1982).

The error here would be grounds for reversal were it prejudicial. However, because the other evidence in the case was overwhelming, and the magazine cover was unlikely to have determinatively influenced the jury's decision, I believe the admission was harmless error. *See, e.g., State v. Williams,* 133 Ariz. 220, 226, 650 P.2d 1202, 1208 (1982). I therefore concur in the result.