NOT DESIGNATED FOR PUBLICATION

No. 113,404

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

SHAUN W. TAPPENDICK,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Saline District Court; JARED B. JOHNSON, judge. Opinion filed March 11, 2016.
Affirmed.

*Gerald E. Wells*, of Jerry Wells Attorney-at-Law, of Lawrence, for appellant.

*Christina Trocheck*, assistant county attorney, *Ellen Mitchell*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before PIERRON, P.J., BRUNS and GARDNER, JJ.

*Per Curiam*:  Shaun W. Tappendick appeals the district court's summary denial of his K.S.A. 60-1507 motion. Tappendick claims the court erred in summarily denying his claims. He also argues the court failed to make sufficient findings of fact and conclusions of law in its denial as required by Supreme Court Rule 183(j) (2015 Kan. Ct. Annot. 271). We affirm.

On May 29, 2008, a jury found Tappendick guilty of one count of rape, one count of aggravated burglary and one count of attempted aggravated criminal sodomy. On

1

August 25, 2008, the district court sentenced Tappendick to a term of 155 months imprisonment on the count of rape with lifetime postrelease supervision, a concurrent term of 59 months imprisonment on the count of attempted aggravated criminal sodomy, and a concurrent term of 32 months imprisonment on the count of aggravated burglary.

Tappendick filed a direct appeal of his convictions. He challenged the sufficiency of the evidence supporting his convictions and the district court's use of an *Allen*-type jury instruction. His convictions were affirmed. *State v. Tappendick*, No. 101,304, 2010 WL 3211593 (Kan. App. 2010) (unpublished opinion).

On October 6, 2011, Tappendick filed a motion "pursuant to K.S.A. 60-1507 and/or K.S.A. 22-3504." Tappendick argued his sentence of lifetime postrelease supervision was unconstitutional under the Sixth and Eighth Amendments to the United States Constitution because it exceeded the time authorized by statute for a rape conviction. He also argued his convictions for rape and attempted aggravated criminal sodomy were duplicitous and thus violated his Sixth Amendment protection against double jeopardy.

On November 23, 2011, the district court denied Tappendick's motion, construing it as a motion pursuant to K.S.A. 60-1507. The court found there were no genuine issues of fact or law to be decided, so the court declined to appoint counsel or schedule a hearing. Furthermore, the court noted Tappendick had already brought a direct appeal and was now attempting to raise issues that should have been raised in his direct appeal but were not. In order to raise such issues, Tappendick needed to show exceptional circumstances. Because Tappendick did not allege exceptional circumstances, and the court did not find any, the court denied the motion. Tappendick appeals.

Tappendick argues the district court erred in summarily denying his K.S.A. 60-1507 motion. He apparently argues that because he raised constitutional issues in his

motion, and those issues were obviously not raised in his direct appeal, the court should have held a preliminary hearing to see if he was possibly able to allege exceptional circumstances excusing his failure to raise the issues previously. He also suggests constitutional issues raise substantial questions that require a hearing. The State argues Tappendick's claims are without merit, and the district court properly denied his motion.

A court has three options when handling a K.S.A. 60-1507:

"(1) The court may determine that the motion, files, and case records conclusively show the prisoner is entitled to no relief and deny the motion summarily; (2) the court may determine from the motion, files, and records that a potentially substantial issue exists, in which case a preliminary hearing may be held. If the court then determines there is no substantial issue, the court may deny the motion; or (3) the court may determine from the motion, files, records, or preliminary hearing that a substantial issue is presented requiring a full hearing." *Sola-Morales v. State*, 300 Kan. 875, 881, 335 P.3d 1162 (2014).

The standard of review depends upon which of these options a district court uses. 300 Kan. at 881. When the district court summarily denies a 60-1507 motion, an appellate court conducts a de novo review to determine whether the motion, files, and records of the case conclusively establish that the movant is not entitled to relief. 300 Kan. at 881.

The district court did not err in summarily denying Tappendick's motion.

Supreme Court Rule 183(c)(3) (Kan. Ct. R. Annot. 272) provides:

"A proceeding under K.S.A. 60-1507 ordinarily may not be used as a substitute for direct appeal involving mere trial errors or as a substitute for a second appeal. Mere trial errors must be corrected by direct appeal, but trial errors affecting constitutional rights may be raised even though the error could have been raised on appeal, provided exceptional circumstances excuse the failure to appeal."

3

"Exceptional circumstances" have been defined to include "'unusual events or intervening changes in the law which prevent a movant from reasonably being able to raise all of the trial errors in the first post-conviction proceeding.'" *State v. Mitchell*, 297 Kan. 118, 123, 298 P.3d 349 (2013). Exceptional circumstances can include ineffective assistance of counsel. *Rowland v. State*, 289 Kan. 1076, 1087, 219 P.3d 1212 (2009).

In this case, Tappendick had already prosecuted a direct appeal. Neither of the issues raised in his K.S.A. 60-1507 motion were raised in his direct appeal. Both issues, however, could have been raised in his direct appeal. Because of this, Tappendick must allege exceptional circumstances excusing his failure to include these issues in his direct appeal, even if his issues are trial errors which affect constitutional rights. Tappendick did not, however, allege any exceptional circumstances which might excuse his failure to raise these issues previously. Because there are no exceptional circumstances which would allow the district court or this court to review his claims, the district court did not err in summarily denying his K.S.A. 60-1507. Furthermore, because he did not raise a claim of exceptional circumstances in his motion, he has abandoned any claim that exceptional circumstances exist. *Hinkle v. State*, No. 107,267, 2013 WL 452140, at *2 (Kan. App. 2013) (unpublished opinion) (citing *Superior Boiler Works, Inc. v. Kimball*, 292 Kan. 885, 889, 259 P.3d 676 [2011]).

Contrary to what Tappendick argues, raising issues of constitutional magnitude alone is not sufficient to warrant a preliminary hearing. This court has upheld the summary denial of K.S.A. 60-1507 motions alleging trial errors affecting constitutional rights when the petitioner failed to adequately allege exceptional circumstances. See, *e.g.*, *Elliott v. Chambers*, No. 105,569, 2011 WL 5833627, at *5 (Kan. App. 2011) (unpublished opinion) (affirming summary denial of petitioner's claim prosecutor withheld exculpatory evidence); *Glynn v. State*, No. 103,961, 2011 WL 2795775, at *4-5 (Kan. App. 2011) (unpublished opinion) (affirming summary denial of petitioner's claim

his trial counsel and appellate counsel were ineffective). Thus, merely raising constitutional issues does not excuse Tappendick's failure to allege exceptional circumstances.

In case of further review of this matter, we note that not only are Tappendick's issues not properly before us for review, his issues are also meritless. First, he argues his sentence is unconstitutional because it exceeds the amount of time authorized by statute for the crime of rape. This confuses the question of whether a sentence is illegal with whether a sentence is constitutional, which are separate analyses. See, *e.g.*, *State v. Edwards*, 281 Kan. 1334, 1337, 135 P.3d 1251 (2006) ("A claim that a sentence fails to conform to *constitutional* requirements is not a claim it fails to conform to *statutory* requirements."). Lifetime postrelease supervision does not exceed the amount of time authorized by statute because it is the amount of time required by statute. K.S.A. 2015 Supp. 22-3717.

Tappendick then appears to argue lifetime postrelease supervision is disproportionate because no evidence supports the conclusion he is a threat to society as a sexual offender. This is also not true. Tappendick was convicted of two sex crimes, which makes him a sexual offender. The Kansas Supreme Court has consistently upheld lifetime postrelease supervision for sex offenders as constitutional under both the United States and Kansas Constitutions. See, *e.g.*, *State v. Mossman*, 294 Kan. 901, 281 P.3d 153 (2012); *State v. Cameron*, 294 Kan. 884, 291 P.3d 143 (2012). Tappendick does not provide any other argument or evidentiary basis for his claim that lifetime postrelease supervision is unconstitutional. See *Sola-Morales*, 300 Kan. at 881 (A K.S.A. 60-1507 movant bears the burden of establishing entitlement to an evidentiary hearing; a movant's contentions must be more than conclusory, and either the movant must set forth an evidentiary basis or the basis must be evident from the record.). Thus, Tappendick's argument that his sentence is cruel and unusual punishment fails.

5

Tappendick also argues his charges for rape and attempted aggravated criminal sodomy are duplicitous because they arise from the same course of conduct. Because rape and criminal sodomy both require proof of a fact that the other does not, they are not duplicitous. *State v. Potts*, 281 Kan. 863, 873, 135 P.3d 1054 (2006) ("[T]he criminal threat conviction is not multiplicitous with the rape or aggravated criminal sodomy [charge.] . . . . Each offense requires proof of an element the other does not."); *State v. Dorsey*, 224 Kan. 152, 156, 578 P.2d 261 (1978) ("[T]he proof necessary to convict the defendant of kidnapping, rape or attempted rape and sodomy requires different facts and therefore the conviction as to one count of each of these three different crimes would not be multiplicitous."). At trial, the State also presented evidence supporting the two charges, namely that Tappendick had digitally penetrated the victim and attempted to perform oral sex on her. Therefore, Tappendick's duplicity argument also fails.

Tappendick also argues the district court did not make findings of fact and conclusions of law on all issues presented in his motion and therefore the court's order does not comply with Supreme Court Rule 183(j). Because of this failure to comply, meaningful appellate review is impossible, and Tappendick contends the case should be remanded.

Whether a district court's findings of fact and conclusions of law comply with Rule 183(j) is a question of law subject to de novo review. *Robertson v. State*, 288 Kan. 217, 232, 201 P.3d 691 (2009). Rule 183(j) requires a district court reviewing a K.S.A. 60–1507 motion to make explicit findings of fact and conclusions of law regarding each of the movant's specific issues, either orally on the record or in a written journal entry. *Harris v. State*, 31 Kan. App. 2d 237, 239, 62 P.3d 672 (2003). The purpose of this rule is to ensure a sufficient record for meaningful appellate review. *State v. Moncla*, 269 Kan. 61, 4 P.3d 618 (2000). If the district court's failure to comply with Rule 183(j) makes appellate review difficult or impossible, an appellate court will remand the case for further findings of fact and conclusions of law. See *State v. Bolden*, 28 Kan. App. 2d 879,

6

884, 24 P.3d 163 (2001). If, however, the failure to comply does not impede appellate review, remand is unnecessary. See *Robertson*, 288 Kan. at 232-33; *Kerestessy v. State*, No. 110,432, 2014 WL 4723745, at *4 (Kan. App. 2014).

Tappendick relies on *Moncla* to support his argument that the district court's order did not comply with Rule 183(j). *Moncla* is distinguishable from the present case. In *Moncla*, under an abuse of discretion standard, the district court's failure to make explicit findings of fact and conclusions of law regarding the credibility or materiality of newly discovered evidence impeded appellate review. 269 Kan. at 63-64. In this case, however, Tappendick did not raise a claim that would require the district court to make factual findings regarding new evidence. Tappendick did allege that lifetime postrelease supervision was cruel and unusual punishment as applied under the Eighth Amendment. Generally, a case-specific disproportionality analysis under the Eighth Amendment does need some findings of fact regarding the specifics of the case. *State v. Gomez*, 290 Kan. 858, 864, 235 P.3d 1203 (2010). In this instance, however, Tappendick has only alleged there was "no evidence whatsoever to indicate or support a [conclusion] that [he] is a threat to society in the form of a sexual offender." Since he has not offered to present any new evidence, and we may exercise de novo review, the district court's failure to make explicit findings of fact regarding this issue does not impede appellate review.

More importantly, the district court's denial of Tappendick's motion appears to rest primarily on his failure to allege exceptional circumstances allowing review. Because this court exercises de novo review, we can independently determine if Tappendick's motion properly alleged exceptional circumstances. We are able to conduct our own review. The district court's failure to make more substantial findings of fact and conclusions of law does not impede appellate review and remand is unnecessary. We find no substance in Tappendick's arguments and affirm.

Affirmed.