NOT DESIGNATED FOR PUBLICATION

No. 114,314

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

MICHELLE AVERY BEY,
*Appellant*.

MEMORANDUM OPINION

Appeal from Wyandotte District Court; ROBERT L. SERRA, judge. Opinion filed April 8, 2016. Affirmed.

*Michelle Avery Bey*, appellant pro se.

*Edward J. Bain*, assistant district attorney, *Jerome A. Gorman*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before MALONE, C.J., MCANANY and POWELL, JJ.

*Per Curiam*:  Michelle Avery Bey appeals pro se her convictions for operating a motor vehicle without a license, failing to register her vehicle, and covering her license plate with an opaque material. As best as we can determine from her brief, Bey makes three allegations of error:  (1) The district court lacked jurisdiction over her and the subject matter; (2) the district court erred by admitting bad acts evidence; and (3) the district court erred in limiting her cross-examination.  Finding no error, we affirm Bey's convictions.

1

On June 6, 2013, Wyandotte County Sheriff's Deputy Chuck Morris was on patrol when he noticed a Mazda van operating with a dirty acrylic cover over the license plate that partially obscured the plate. Having determined this was a violation of Kansas law, Morris pulled over the van. As he stopped behind the van, Morris also noticed the license plate had no registration sticker but, instead, had a white piece of paper taped over that portion of the plate. Morris exited his vehicle and made contact with the van's driver who was later identified as Bey. Morris asked Bey if she had a driver's license, to which Bey replied she neither had nor needed one. When pressed for identification, Bey showed Morris a nongovernment issued identification card and told Morris her name. Morris cited Bey for multiple traffic law violations.

Bey was found guilty at a bench trial of (1) operating a vehicle without a valid license in violation of K.S.A. 2015 Supp. 8-235, (2) failure to register the vehicle in violation of K.S.A. 2015 Supp. 8-142, and (3) covering the license plate with opaque material in violation of K.S.A. 2015 Supp. 8-15,110. Bey timely appeals.

Bey first argues the district court lacked jurisdiction to render a decision in the case due to the State's noncompliance with the requirements of the United States Constitution and its amendments, the Kansas Constitution and its Bill of Rights, and various provisions of Kansas law. For support, she cites various out-of-context sections of the United States and Kansas Constitutions. Whether jurisdiction exists is question of law over which our scope of review is unlimited. *State v. Looney*, 299 Kan. 903, 906, 327 P.3d 425 (2014).

Courts must have both personal and subject matter jurisdiction in order to properly hear a case. See *State v. Matzke*, 236 Kan. 833, 835, 696 P.2d 396 (1985). "In personam jurisdiction is acquired when the properly served defendant is a resident of this state." 236 Kan. 835. According to various letters and documents filed with the district court, Bey was a resident of Kansas at the time of the initial incident and throughout the

2

pendency of this case. Additionally, Morris served Bey with the State's complaint at the conclusion of the traffic stop. Finally, pursuant to K.S.A. 22-2602, venue in Wyandotte County was proper because the incident occurred in that county. Therefore, Bey was subject to the district court's personal jurisdiction.

"Subject matter jurisdiction is the power of the court to hear and decide a particular type of action. Kansas district courts are courts of general jurisdiction and, under K.S.A. 20-301 and K.S.A. 22-2601, the district court was the proper court [for the State] to initiate this . . . action." 236 Kan. at 835. With both personal and subject matter jurisdiction established, Bey's contention that the district court lacked jurisdiction over her is incorrect.

Bey also argues the district court lacked jurisdiction over her because the State did not follow the correct procedure in initiating its case against her. She contends that the procedure described in K.S.A. 22-2303 was not followed, consequentially rendering the prosecution against her improper. However, Bey erroneously cites K.S.A. 22-2303 as the controlling statute. The proper authority for the procedure to commence a traffic case is Chapter 8 of the Kansas Statutes Annotated. Under K.S.A. 8-2108, a citation that includes the required information and is signed by the officer is deemed to be a lawful complaint for the purpose of prosecution for the specified traffic violation. The information required to be on the traffic citation is listed in K.S.A. 2015 Supp. 8-2106. The citation Morris issued to Bey complied with the Kansas statutory requirements.

Next, Bey contends that a statement made by Morris during his direct testimony was not relevant and instead served only to prejudice the district judge against her. She takes issue with the following exchange:

"[Prosecutor:] At some point did you—were you able to find out [Bey's] identity?

3

"[Morris:] . . . I kept pressing her for her—her name at least and she finally said she was Michelle Bey.

"[Prosecutor:] Okay.

"[Morris:] And at that time I recognized the name. She was someone I had been looking for in relations to delinquent taxes to the county and a bad check she wrote the county for her real estate taxes."

However, Bey made no objection to Morris' statement during trial.

Unfortunately for Bey, we are precluded from reviewing an evidentiary challenge absent a timely objection made in the record "and so stated as to make clear the specific ground of objection." K.S.A. 60-404; *State v. Bowen*, 299 Kan. 339, 351, 323 P.3d 853 (2014); see also *State v. King*, 288 Kan. 333, 342, 204 P.3d 585 (2009) (explaining the purpose behind the contemporaneous-objection rule). Because Bey did not object during trial to Morris' statement concerning her alleged bad check and delinquent taxes, she cannot now complain that it substantially prejudiced her rights. See *State v. Robinson*, 219 Kan. 218, 220, 547 P.2d 335 (1976).

Finally, Bey argues the district court erred when it limited her cross-examination of Morris. Bey asked Morris whether he was aware of the definition of a "driver," whether Morris was aware of what constituted a properly served summons, and whether Morris and Bey were parties to a contract. In each instance the district court halted Bey's line of questioning as irrelevant.

A proper proffer of the substance of the evidence sought to be admitted is required for us to be in a position to review a challenge to its exclusion. See *State v. Garza*, 290 Kan. 1021, 1029, 236 P.3d 501 (2010).

"A verdict or finding shall not be set aside, nor shall the judgment or decision based thereon be reversed, by reason of the erroneous exclusion of evidence unless it

4

appears of record that the proponent of the evidence either made known the substance of the evidence in a form and by method approved by the judge, or indicated the substance of the expected evidence by questions indicating the desired answers." K.S.A. 60-405.

Bey's questions contained references to facially irrelevant dictionary definitions and inapplicable laws. Bey neither established why Morris' knowledge of this information would have been relevant nor indicated the substance of the desired testimony through the form of her questions. Without such a proffer, we are not in a position to evaluate whether the district court erred in excluding these aspects of Bey's cross-examination.

Affirmed.